The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

Dated: 10:22 AM June 17, 2022

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| NATALIE K. HILLMAN, | ) | CASE NO. 21-60559 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Debtor's motion for turnover is before the court. Capital One Auto Finance ("Capital One") and the chapter 13 trustee ("Trustee") both object to turnover. The court held a hearing on June 15, 2022. David Mucklow appeared on behalf of Debtor; Trustee appeared in her behalf, and Todd Fichtenberg appeared for Capital One. Debtor filed a supplemental document after the hearing.

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. The court has authority to issue a final order in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Debtor filed a chapter 13 case on April 21, 2021. (Vol. Pet., ECF No. 1.) Her plan, confirmed on July 28, 2021, contained the following salient provisions:

- Debtor was paying $573.94 per month directly to Capital One for a 2020 Ford EcoSport.
- Debtor surrendered her interest in a condominium in Cape Coral, Florida.

(Order Conf. Ch. 13 Plan, ECF No. 51.) An agreed order between Debtor and Trustee settling Trustee's objection to confirmation of the plan provided that the net proceeds from the sale of the surrendered condominium would be paid into the plan. (Agreed Order, ECF No. 43.)

In December 2021, Capital One moved for relief from stay because Debtor was delinquent on her car payments. (Mot. for Relief from Stay, ECF No. 64.) The delinquency was cured. Pursuant to an agreed order dated March 29, 2021, Trustee began making the monthly car payments conduit. (Agreed Order on Mot. for Relief from Stay, ECF No. 73.)

On or about April 26, 2022, Trustee received $34,364.54 from the sale of the condominium. (Mot. Turnover, ECF No. 77.) On April 29, 2022, she disbursed the funds pro rata between Capital One and the unsecured creditors pursuant to her interpretation of Administrative Order 17-08 ("AO 17-08"). (Trustee's Resp., ECF No. 81.) Capital One received $24,419.92. (Id.) Debtor received correspondence, and a refund check, indicating the Capital One loan was paid in full. (Supp. Doc., ECF No. 83.)

## DISCUSSION

Debtor filed a motion for turnover requesting Capital One refund its share of the proceeds from the condominium sale. She argues that Capital One was improperly paid because it was only entitled to its regular monthly payment, not a complete payoff exceeding $20,000.00. Both Trustee and Capital One disagree, finding no err in the distribution. The court agrees with Debtor for the following reasons.

### I. Administrative Order 17-08 does not support the disbursement to Capital One.

Trustee contends she disbursed the funds appropriately in accordance with AO 17-08. In applicable part, it reads:

> Distribution. The trustee shall pay in the following order of priority:
> (1) domestic support obligation claims; (2) trustee's authorized percentage fee; (3) current and delinquent post-petition mortgage payments on debtor's principal residence; (4) other secured claims paid in fixed monthly installments (pro rata in the event of an insufficiency); (5) priority claims of the debtor's attorney, in the amounts allowed; and

2

the following items pro rata; (6) secured claims not paid in fixed install-
ments; (7) priority claims other than those of the debtor's attorney;
(8) specially classified nonpriority unsecured claims; and (9) general
unsecured claims.

The Capital One claim falls under subsection (4). It is a secured claim paid in fixed monthly installments. Per the plan and the agreed order resolving Capital One's motion for relief from stay, the installment is $573.94 per month. This was the amount Trustee was directed to pay.

Trustee contends the Capital One claim falls under subsection (6). She says because the claim was included in the plan, and it was not possible to pay it in full during the remainder term of the plan, the claim was not payable in fixed monthly installments. Under her interpretation of AO 17-08, if a secured loan cannot be paid in full during the term of the plan, it is not capable of being paid in "fixed monthly installments" and therefore is not a subsection (4) claim. The court cannot accept this interpretation.

Orders, like contracts and statutes, are interpreted using "plain, ordinary, natural, or commonly accepted meaning." In re Wireman, 364 B.R. 297, 301 (Bankr. N.D. Ohio 2007) (quoting Thomasville Furniture Indus. v. Elder–Beerman Stores, 250 B.R. 609, 635 (S.D.Ohio 1998) (other citation omitted). The natural understanding of "fixed monthly installment" is the regular installment amount established in the parties' contract. In this case, the loan agreement provides that the loan will be repaid in regular installments of $573.94 per month. Capital One's claim falls under subsection (4), not (6).[1]

## II. At confirmation, the parties had no expectation that Capital One would receive any of the proceeds from the condominium sale.

The Capital One claim was not structured to be paid in full during the plan. Debtor obtained the 72 month loan shortly before filing her 36 month plan. The plan provided that Capital would receive its regular monthly payments from Debtor. The agreed order granting relief from stay changed the payor of the claim, nothing more.

The proceeds from the sale of the condominium were brought into the estate via the agreed order settling Trustee's objection to confirmation. The confirmed plan, including the agreed order, created a new contract between Debtor and her creditors and must be interpreted using contract principles. Official Unsecured Creditors Comm. v. Dow Corning Corp. (In re Dow Corning Corp.), 456 F.3d 668, 676 (6th Cir. 2006) (citation omitted). The expectation Debtor had at confirmation when she signed the agreed order was that the net proceeds from the condominium would be paid toward administrative expenses and unsecured creditors. Nothing in the confirmed plan or related agreed order provided otherwise.

---

1 Subsection (6) includes secured claims that were not contractually payable by fixed monthly installments. For example, a secured IRS tax lien arises by statute, not contract. Another example is delinquent real estate taxes.

## **CONCLUSION**

The court concludes Trustee's disbursement to Capital One was improper. It was not a secured claim payable pro rata with unsecured creditors. Capital One was entitled to its regular monthly payments, not a pro rata share of the condo sale proceeds. At confirmation, the expectation was that the condo sale proceeds would primarily pay administrative and unsecured claims. The motion for turnover is well-taken and will be granted by separate order.

#    #    #

**Service List:**

David A. Mucklow
919 East Turkeyfoot Lake Road #B
Akron, OH 44312

Todd A. Fichtenberg Esq.
TAF Legal, LLC
175 S. Sandusky St. #122
Delaware, OH 43015

Dynele L Schinker-Kuharich
Office of the Chapter 13 Trustee
200 Market Avenue North, Ste. LL30
Canton, OH 44702